1  David R. Markham (SBN 071814)
2  *dmarkham@markham-law.com*
   Maggie Realin (SBN 263639)
3  *mrealin@markham-law.com*
   Lisa Brevard (SBN 323391)
4  *lbrevard@markham-law.com*
   **THE MARKHAM LAW FIRM**
5  888 Prospect Street, Ste. 200
   La Jolla, CA 92037
6  Tel.: (619) 399-3995 Fax: (619) 615-2067

7  Attorneys for Plaintiffs on behalf of themselves
   and all others similarly situated
8  [ADDITIONAL COUNSEL LISTED ON NEXT PAGE]

9

10          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
11

12 DEREK STEWART, an individual,          Case No.
   JAVONTE WILLIAMS, an individual, on
13 behalf of themselves and all others similarly   **CLASS, COLLECTIVE AND**
   situated,                                       **REPRESENTATIVE ACTION**
14                                                 **COMPLAINT FOR:**

15              Plaintiffs,            **(1) VIOLATION OF FAIR LABOR**
                                           **STANDARDS ACT (29 U.S.C. §§207;**
16         v.                              **211(c), 215(a), 216(b), 255(a)); 29 C.F.R.**
                                           **§516 *et seq.***
17                                     **(2) FAILURE TO PROVIDE ONE DAY'S**
                                           **REST IN SEVEN (Labor Code §§ 551**
18 DEL MONTE FOODS, INC.,                   **And 552)**
   a Delaware Corporation,             **(3) FAILURE TO PAY REGULAR**
19                                         **AND/OR MINIMUM WAGES;**
                                       **(4) FAILURE TO PAY OVERTIME**
20              Defendant.                  **AND/OR DOUBLE TIME WAGES;**
                                       **(5) FAILURE TO PROVIDE MEAL**
21                                         **PERIODS;**
                                       **(6) FAILURE TO PROVIDE REST**
22                                         **PERIODS;**
                                       **(7) FAILURE TO FURNISH TIMELY**
23                                         **AND ACCURATE WAGE**
                                           **STATEMENTS;**
24                                     **(8) FAILURE TO REIMBURSE BUSINESS**
                                           **EXPENSES;**
25                                     **(9) VIOLATION OF CALIFORNIA'S**
                                           **UNFAIR COMPETITION LAW**
26                                         **("UCL"), Bus. & Prof. Code § 17200 *et***
                                           ***seq.;***
27                                     **(10) VIOLATION OF PRIVATE**
                                           **ATTORNEY GENERAL ACT (PAGA)**
                                           **(Labor Code §2699, *et seq.*)**
28
                                       **DEMAND FOR JURY TRIAL**

-1-
CLASS AND REPRESENTATIVE ACTION COMPLAINT

Walter Haines (SBN 071075)
*whaines@uelglaw.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 203
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiffs on behalf of themselves
and all others similarly situated

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiffs DEREK STEWART and JAVONTE WILLIAMS ("Plaintiffs"), by and through their attorneys of record, bring this Class and Representative Action Complaint against Defendant DEL MONTE FOODS, INC. ("Del Monte" or "Defendant"), and respectfully allege the following:

## NATURE OF THE ACTION

1.      This is a class and representative action arising from Defendants' violations of the California Labor Code, including for failure to provide meal and rest periods, reimburse business expenses, pay all wages owed, provide accurate wage statements, and other violations of the California Labor Code as listed in the subsequent paragraphs.

2.      As set forth below, Defendant failed to timely pay minimum, regular and overtime wages to its California non-exempt employees in violation of California Labor Code sections 510, 558, 1182.12, 1194, 1197, 1197.1 and 1198; failed to provide timely and uninterrupted meal and rest periods to its California non-exempt employees in violation of California Labor Code sections 512 and 226.7, and the applicable Industrial Wage Order ("Wage Order"); failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off-duty meal periods; failed to furnish timely and accurate wage statements, including by failing to distinguish between meal and rest break premiums on its wage statements; failed to pay all wages due upon termination; failed to reimburse its California non-exempt employees for necessary business expenses incurred, such as boots and safety equipment, among other expenses, in violation of California Labor Code section 2802; and, is in violation of California's Unfair Competition Law ("UCL") and the Private Attorney General Act of 2004 ("PAGA").

3.      This is also an action for violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et al.

4.      Plaintiffs seek to represent and prosecute claims against Defendant in class and representative action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

5.      Jurisdiction in this case is based on 28 U.S.C. §§ 1332. This action arises under the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. (28 U.S.C. § 1332(d).)

7.      This case meets each of the CAFA requirements because (1) Plaintiffs allege on information and belief there are approximately 500 class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiffs allege and believe the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper because upon information and belief, Defendant maintains a corporate office within the Northern District of California and conducts substantial business — including employing class members — within this District.

## PARTIES

9.      Plaintiff DEREK STEWART is a resident of Tulare County, California. Plaintiff has been employed by Defendant from 1994 to the present. Plaintiff is a Maintenance Mechanic at Defendant's facility in Hanford, California.

10.      Plaintiff JAVONTE WILLIAMS is a resident of Fresno County, California. Plaintiff has been employed by Defendant from approximately 2017 to the present. Plaintiff is an Evaporation Controller at Defendant's facility in Hanford, California.

11.      Plaintiffs are informed and believes, and on that basis, alleges Defendant DEL MONTE FOODS, INC. is, and at all relevant times was, a Delaware corporation authorized to do business in the State of California.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

12.     At all relevant times, Defendant was doing business in numerous counties throughout California, including within this judicial District. Defendant operates numerous offices and facilities throughout California including within this District. Defendant manufactures and distributes packaged food products. The Company provides canned fruits and vegetables, as well as a wide range of snacks. Defendant serves customers worldwide. *See* https://www.delmontefoods.com/our-story.

13.     Plaintiffs are informed and believe, and on that basis, alleges Defendant is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders, and FLSA.

14.     Plaintiffs are informed and believe and thereon allege Defendant, was at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co–defendants.

## **CONDUCT**

15.     Plaintiffs work as non-exempt, hourly-paid employees in Defendant's plant located in Hanford, California.  Plaintiff Derek Stewart worked as a Maintenance Mechanic. Plaintiff's job duties consist of maintaining the facility lines where the products are prepared. Plaintiff and other class members are required to respond right away if needed to fix a service issue to ensure the lines keep production going.

16.     Plaintiff Javonte Williams worked as an Evaporation Controller. Plaintiff's job duties consist of operating the evaporation equipment on Defendant's facility lines to take moisture out of Defendant's products, as part of the manufacturing process.

17.     During non-peak season, Plaintiffs are scheduled to work five days per week, for eight hours per day. However, during the peak busy season in the summer, Plaintiffs have been required to work 100 to 120 days in a row for up to 12 hours per day, with no rest in between.

18.     Defendant does not pay Plaintiffs and other class members for all hours worked.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Defendant has an unlawful policy and practice of automatically deducting 30-minute meal periods, and/or not accounting for meal periods at all, for Plaintiffs and other class members. Plaintiffs and other class members are frequently required to work through their meal and rest periods as directed by Defendant.  As such, in violation of Labor Code §§ 510(a), 1194, 1197 and 1998 and the applicable Industrial Wage Orders, Defendant, by failing to pay the Plaintiffs and all others similarly situated for all hours worked, failed to timely pay all straight time, overtime and double time wages due.

19.    Additionally, during the peak season, Plaintiffs and other class members are required to work beyond seven consecutive days in a row, and have worked up to 120 days in a row with no days of rest as required by California Law. California Labor Code § 551 states all California employees, regardless of occupation, are entitled to a least one rest day out of every seven days. Labor Code § 552 states that no employer may require employees to work more than six days out of a seven-day period. Under California law, an employer is obligated to pay the wages of an hourly employee for all time that the employee is under the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so. Plaintiffs and other class members were not compensated at the appropriate rate for working on the seventh day of their workweek and beyond.

20.    Plaintiffs and other class members frequently work through their meal breaks due to press of business. If Plaintiffs are able to take a meal break, it is often taken after the end of his 5th hour of work, or is frequently interrupted to attend to an emergency or other call for assistance. This violates Labor Code § 512(a), which provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of at least 30 minutes…" Employee and other aggrieved employees were not paid all meal break premiums for those missed meal breaks, in violation of Labor Code § 226.7(c). Plaintiffs and other class members were not paid meal premiums for all missed or non-compliant meal breaks at a correct rate of pay.

21.    Additionally, Defendant's requirement to immediately respond to a request for assistance and to attend to the production lines – which could occur at any given moment –

CLASS AND REPRESENTATIVE ACTION COMPLAINT

prevented Plaintiffs and other class members from taking their rest periods. Additionally, if rest periods were not missed, they are often delayed due to production line demands. Furthermore, Plaintiffs and other class members are required to carry a radio at all times and must stay on premises during their meal and rest breaks because they are required to respond immediately when their assistance is needed with the production line. Because Plaintiffs and other class members were required to carry a radio at all times, their rest breaks were always interruptible. Thus, Defendant did not relieve class members from their duties and did not relinquish control over how maintenance mechanics and evaporation controllers spend their time, making Defendant liable for premium payments. *See Augustus v. ABM Sec. Servs., Inc*., 2 Cal. 5th 257 (2016):

> One cannot square the practice of compelling employees to remain at the ready, tethered by time and policy to particular locations or communications devices, with the requirement to relieve employees of all work duties and employer control during 10-minute rest periods…These obligations are irreconcilable with employees' retention of freedom to use rest periods for their own purposes.

*Id.* at 269-70.

22.     Further, Defendant provided Plaintiffs and other class members with uniform, incomplete, and inaccurate wage statements. Defendant willfully and knowingly omitted required information from the wage statements of Plaintiffs and other class members. In those instances where Defendant paid a meal and/or rest premium payment to class members, Defendant failed to accurately identify whether it paid a meal or rest break penalty payment, as Defendant's wage statement only states "Penalty Pay." Plaintiffs and class members cannot tell from the wage statement alone whether they have been paid for meal and/or rest break premiums, and in what amount(s). Additionally, Plaintiffs and other class members' wage statements failed to correctly state the rate of pay for regular and overtime wages, meal and rest break premiums, and consequently the gross and net wages due, among other required information. Because of Defendant's failure to list the correct regular and overtime rates of pay, gross wages earned, net wages, and meal and rest break premiums earned on wage statements, Plaintiffs and other class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.

23.     In addition, Plaintiffs and other class members have incurred necessary expenditures

and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Del Monte. Expenses include, but are not limited to, safety glasses, boots, aprons and/or other necessary safety equipment. These items are either deducted from Plaintiffs and other class members' wages and if Plaintiff and other class members need replacements, that is also deducted from their wages, or denied reimbursement. This violates California Labor Code § 2802, which provides that the "[E]mployer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

24.     Defendant is liable to Plaintiffs and the class for failing pay all wages due to them, including overtime wages and/or double time wages; failing to pay meal and rest break premiums; failing to provide wage statements that were accurately itemized to reflect the gross and net wages they earned and the manner by which they earned these wages;  failing to reimburse for business-related expenses, including safety glasses, boots, aprons and other necessary safety equipment;  and violation of California's unfair competition law, and Private Attorneys General Act of 2004 ("PAGA").

25.     Plaintiffs are a member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged herein.

### EXHAUSTION OF PAGA NOTICE REQUIREMENT

26.     Plaintiff Stewart exhausted the notice requirement by filing a complaint with the Labor and Workforce Development Agency ("LWDA") in his letter dated June 22, 2022, as required under the *California Labor Code Private Attorney General Act* ("PAGA"). A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit A**. The LWDA did not assume jurisdiction over the applicable penalty claims alleged; therefore, Plaintiff has exhausted the procedural requirement under PAGA to pursue any and all penalty claims as provided under PAGA.

### CLASS DEFINITIONS AND CLASS ALLEGATIONS

CLASS AND REPRESENTATIVE ACTION COMPLAINT

27.     Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated, and as members of the Class they seek to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("class period.") The Class is defined as:

> *All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period").*

28.     Plaintiffs further seek to represent the following subclasses:

a.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period"),  who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek ("Unpaid Wages Subclass");

b.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek ("Unpaid Overtime Subclass");

c.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State

CLASS AND REPRESENTATIVE ACTION COMPLAINT

of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked at least one shift longer than twelve hours in a workday ("Unpaid Double Time Subclass");

d. All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked more than six consecutive days without a day of rest, where the total hours worked exceeded 30 hours in any week or six hours in any one day thereof. ("Day of Rest Subclass");

e. All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked at least one shift longer than five hours in a workday ("Meal Break Subclass");

f. All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked at least one shift longer than three and a half hours in a workday ("Rest Break Subclass");

g.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who have received at least one wage statement from Defendant. ("Wage Statement Subclass");

h.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who have received at least one meal and/or rest break premium payment from Defendant. ("Premium Payment Subclass");

i.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers, and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties, who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") who worked at any of Defendant's facilities and who incurred unreimbursed business expenses. ("Unreimbursed Business Expenses Subclass");

j.  All current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers,  and other personnel whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California at any time during the time period commencing four years before this complaint was filed, and until the present ("class period") regarding whom

Defendant has engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by <u>B&PC</u> §17200, *et seq.* as specifically described herein ("UCL Subclass").

29.    The above-referenced class and/or subclasses shall be collectively known as the Plaintiffs Class.

30.    Plaintiffs reserve the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

31.    This action has been brought and may be properly maintained as a class action pursuant to the provisions of <u>Code of Civil Procedure</u> § 382 and other applicable law.

32.    **Numerosity of the Class**:  Pursuant to <u>Code of Civil Procedure</u> § 382, members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs estimate, on information and belief, that there are at minimum 500, or more, current or former non-exempt employees of Defendant employed as Maintenance Mechanics, Evaporation Controllers, or employees with similar job titles and/or duties, in California during the class period.  The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

33.    **Existence of Predominance of Common Questions of Law and Fact**:  Pursuant to <u>Code of Civil Procedure</u> § 382, common questions of law and fact and common answers exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions and answers include:

1.    whether members of the Plaintiffs Class were not paid all wages owed to them, including regular, overtime and double time, and at a correct regular rate;

2.    whether Defendant failed to provide members of the Plaintiffs Class one rest day out of every seven days as required by Labor Code section 551;

3.      whether Defendant required employees to work more than six days out of a seven-day period in violation of Labor Code section 552;

4.      whether members of the Plaintiffs Class were not provided with uninterrupted, duty-free meal breaks of at least 30 minutes;

5.      whether members of the Plaintiffs Class were not permitted and authorized to take uninterrupted rest breaks;

6.      whether members of the Plaintiffs Class were not provided with accurate wage statements as required by Labor Code section 226;

7.      whether members of the Plaintiffs Class were provided with wage statements in violation of Labor Code section 226, where the wage statements fail to identify and distinguish between meal and rest break premium payments;

8.      Whether Defendant violated Labor Code §2802, by failing to reimburse Plaintiffs and class members incurred necessary business expenses;

9.      whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200, *et seq*.;

10.     whether the members of the Plaintiffs' Class are entitled to compensatory damages, and if so, the means of measuring such damages;

11.     whether the members of the Plaintiffs' Class are entitled to injunctive relief;

12.     whether the members of the Plaintiffs' Class are entitled to restitution; and

13.     whether Defendants are liable for attorneys' fees and costs.

34.     **Typicality:** Plaintiffs' claims are typical of the claims of the members of the class he seeks to represent because Plaintiffs, as non-exempt employees of Defendant, were exposed and subjected to the same unlawful business practices as other employees employed by Defendant during the class period. Plaintiffs and the members of the class they seek to represent sustained the same types of damages and losses.

35.     **Adequacy:** Plaintiffs are adequate representatives of the class they seek to represent because their interests do not conflict with the interests of the members of the class Plaintiffs seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action

litigation and Plaintiffs intend to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their counsel.

36.    **Superiority and Substantial Benefit:**    The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.    The Class should also be certified because:

a.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b.   The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## COLLECTIVE CLASS ALLEGATIONS

38.    Plaintiffs bring the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) on behalf of all current and former non-exempt, hourly-paid Maintenance Mechanics, Evaporation Controllers and other personnel

whose duties include maintaining and/or operating the production lines at Defendant's locations, and/or employees with similar job titles and/or duties of Defendant Del Monte employed in California at any time within the applicable statutory time period (the "FLSA Collective Action Members.")

39.    Plaintiffs and FLSA Collective Action Members performed the same or substantially similar duties for Defendant; were subject to Defendant's common policy and practice of failing to pay wages, failing to pay overtime wages for all hours worked over forty in one workweek; have otherwise been subject to common compensation plans, policies, and practices; and are otherwise "similarly situated" employees within the meaning of the FLSA.

40.    The First Cause of Action for violations of the FLSA may be brought and obtained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), because Plaintiffs' claims and all FLSA Collective Action Members are similarly situated.

41.    The names and addresses of the FLSA Collective Action Members are available from Defendant.  Accordingly, Plaintiffs pray for an order requiring Defendant to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action, and their right to opt-in to this action. Plaintiffs further pray that the applicable statute of limitations be tolled based on, among other reasons, Defendant's violations regarding its Maintenance Mechanics' and Evaporation Controllers' entitlement to regular and overtime pay.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act (29 U.S.C. §§207;**
**211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, *et seq.*)**
**(Against all defendants)**

42.    Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

43.    At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. §203(b) and (d).  As such, Defendant employed members of the FLSA Collective Action Class as "Maintenance Mechanics," "Evaporation Controllers" and other similarly situated hourly-paid, non-exempt employees, employment of which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g), and 29 U.S.C. §207(a)(1).

At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

44.    Plaintiffs are informed and believe, and thereon allege, that Defendant has required, or requires, the FLSA Collective Action Members, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1).  That Section provides the following:

45.    Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

46.    Indeed, in the performance of their duties for Defendant, the FLSA Collective Action Members often did work over forty hours per week, yet did not receive all overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

47.    Plaintiffs propose to undertake appropriate proceedings to have such FLSA Collective Action Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b), by filing written consents to joinder with the Court.

48.    Defendant's violations of the FLSA were willful.

49.    As a result of the foregoing, Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those FLSA Collective Action Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Plaintiffs and FLSA Collective Action Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE ONE DAY'S REST IN SEVEN
### (Labor Code §§ 551 and 552)

50.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

51.    At all relevant times herein, California Labor Code § 551 provides that every person employed in any occupation of labor is entitled to one day's rest in seven. Additionally, California Labor Code § 552 prohibits employers from requiring employees to work more than six consecutive days without a day of rest.

52.    Further, at all times relevant herein set forth, California Labor Code § 556 exempts an employer from the day-of-rest requirement when the total hours worked by an employee do not exceed 30 hours in any week or six hours in any one day thereof.

53.    During the relevant period, Defendant scheduled Plaintiffs and other class members to work eight (8) or more hours per day and more than six (6) consecutive days in a workweek. Plaintiffs have been required to work several consecutive days, up to 100 to 120 days in a row for up to 12 or 12.5 hours per day without being afforded the opportunity to take one day's rest. Because Plaintiffs and other class members worked over 30 hours per week and over six (6) hours per day in a workweek, they were not exempt from the day-of-rest requirement. To the extent that Plaintiffs and other class members may have signed purported waivers of their right to a day's rest in seven, such waivers are invalid. Thus, Defendant caused Plaintiffs and other class members to work more than six days in seven, in violation of Labor Code §§ 551 and 552.

54.    Plaintiffs and other class members are therefore entitled to recover wages and civil penalties pursuant to Labor Code sections 558 and/or 2699(a), (f), and (g).

55.    As provided in Labor Code § 558, Plaintiffs are entitled to, and therefore seeks to recover a civil penalty of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, and a hundred-dollar ($100) penalty for each subsequent violation.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY REGULAR WAGES
#### (Violation of Labor Code §§ 218.6, 1194 and 1197)
#### (Against all defendants)

56.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

57.     California Labor Code establishes the fundamental right of all employees in the State of California to be paid wages for their work in a timely fashion.

58.     Pursuant to the applicable Wage Order, Defendant is required to pay Plaintiffs for all hours worked, meaning all the time in which an employee is subject to the control of the employer.

59.     Defendant's uniform policy and/or practice requires its employees to wear radios at all times, including during meal periods. Plaintiffs and other class members are required to respond to calls at all times, including during meal periods. Further, the press of business deprives Plaintiffs and class members of the opportunity to take uninterrupted 30-minute meal breaks. As a result, Plaintiffs and other class members worked hours they were not paid for. Plaintiffs and the Class Members therefore seek unpaid wages and penalties.

60.     Defendant, as a matter of established company policy and/or practice in the State of California, administered a uniform company policy and practice regarding the duties and responsibilities of the Plaintiffs, and created and/or maintained various materials, such as policy handbooks, letters, and other correspondence, which, taken together, constituted a written contract for employment for Plaintiffs.

61.     Defendants, as a matter of established company policy and/or practice in the State of California, scheduled to work and/or required, suffered or permitted Plaintiffs to work, without paying them for each and every hour worked during their employment at Del Monte.

62.     Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful, and entitles Plaintiffs to recover the unpaid balance of the straight time compensation owed to him.

63.     In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiffs and members of the class for all wages earned and all hours worked.  As a direct result, Plaintiffs and other class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

64.     Pursuant to Labor Code sections 218.6 and California Civil Code sections 3287(b) and 3289, Plaintiffs seek to recover pre-judgment interest on all amounts recovered herein.

65.     Pursuant to Labor Code section 218.5, Plaintiffs request that the court award them reasonable attorneys' fees and costs incurred by them in this action, as well as any statutory penalties Defendant may owe under the Labor Code and/or any other statute.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME AND DOUBLE TIME COMPENSATION**
**(Violation of Labor Code § 510, 1194, 1198)**
**(Against all defendants)**

66.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

67.     Labor Code §510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, Labor Code §510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day and/or after eight (8) hours on the seventh consecutive day of any work week shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

68.     Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits is unlawful.

69.     California Labor Code § 551 states all California employees, regardless of occupation, are entitled to a least one rest day out of every seven days.

70.     Labor Code § 552 states that no employer may require employees to work more than six days out of a seven-day period.

71.     Under California law, an employer is obligated to pay the wages of an hourly employee for all time that the employee is under the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so. Plaintiffs and

other class members were not compensated at the appropriate rate for working on the seventh day of their workweek and beyond.

72.     At all times relevant hereto, due to policy and/or practice imposed by Defendant, during the peak busy season in the summer, Plaintiffs and other class members have been required to work 100 to 120 days in a row for up to 12 or 12.5 hours per day, with no rest in between.

73.     At all times relevant hereto, Defendant has failed to pay Plaintiffs, and the other class members, the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510, 551, 552, and 1198, and the applicable Wage Order.

74.     Defendant acted and is acting intentionally and oppressively toward Plaintiffs, and other class members, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

75.     Plaintiffs and the class, request recovery of overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)**
**(Against all defendants)**

76.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

77.     California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

78.     The applicable Wage Order provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

79.     Labor Code § 512(a) provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a

meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

80.     As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class period. Plaintiffs and other class members were required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

81.     Further, Defendant's policy and/or practice did not permit and authorize a second meal break for class members when Plaintiffs and class members worked over ten (10) hours per shift and, therefore, were entitled to a second meal period of not less than 30 minutes.

82.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off-duty meal periods and failure to provide a second legally compliant meal period, Defendant has violated California Labor Code §§ 226.7, 512 and the applicable Wage Order, and is liable to Plaintiffs and the class.

83.     As a result of the unlawful acts of Defendant, Plaintiffs and other class members have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §§ 226.7(c), 512 and the applicable Wage Order, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off-duty meal periods. *See Ferra v. Loews Hollywood Hotel, LLC--* *-P.3d---2021 WL 2965438 (July 15, 2021).*

84.     Pursuant to Labor Code §218.6 and CC §3287, the Plaintiffs and other class members seek recovery of pre-judgment interest on all amounts recovered herein.

85.     Plaintiffs and other class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS

**(Violation of Labor Code §§ 226.7 and the applicable Wage Order)**
**(Against all defendants)**

86.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

87.     California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

88.     The applicable wage order provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

89.     The applicable wage order further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided". *See Ferra v. Loews Hollywood Hotel, LLC*---P.3d---2021 WL 2965438 (July 15, 2021).

90.     As alleged herein, Defendant failed to authorize and permit rest breaks during the class period. Plaintiffs and other class members were required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Plaintiffs and other class members were required to carry a radio at all times, which rendered their rest breaks interruptible. Thus, Defendant did not relieve class members from their duties and did not relinquish control over how maintenance mechanics and evaporation controllers spend their time, making Defendant liable for premium payments

91.     By its actions in requiring its employees during the class period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated the applicable Wage Order and California Labor Code § 226.7 and is liable to Plaintiffs and the class.

92.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

93.     As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period, and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

94.     Plaintiffs, and the other class members, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code § 226.7.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §226, 1174)**
**(Against all defendants)**

95.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

96.     Labor Code §1174(c)-(d) requires employers to keep records showing the names and addresses of all employees employed, and to keep, at a central location in the State of California or at the establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to all employees employed at the establishment.

97.     Cal. Lab. Code § 226 provides that an employer must furnish employees with an accurate itemized statement in writing showing:

      a.  gross wages earned,

      b.  total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under the applicable order of the Industrial Welfare Commission,

      c.  the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

      d.  all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

    e.   net wages earned,

    f.   the inclusive dates of the period for which the employee is paid

    g.   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

    h.   the name and address of the legal entity that is the employer, and

    i.   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

98.    In violation of Labor Code section 226, Defendant knowingly and intentionally failed to provide Plaintiff and other class members with accurate semimonthly itemized wage statements.

99.    First, Defendant violated the provisions of Labor Code sections 226(9) per se by failing to accurately state and reflect the number of regular and regular, overtime, and/or double time hours Plaintiffs and other class members worked, and the corresponding correct rates for those hours. Plaintiffs and class members are not able to understand what the wage statements show, and thus are unable to verify whether or not they were paid correctly for regular, overtime, and double time hours. Thus, Defendant's wage statements do not comply with California law because Plaintiffs and class members cannot "promptly and easily determine" the number of regular and overtime hours worked and paid for from the wage statement alone without reference to other documents or information. See Cal. Labor Code § 226(e)(2)(B; (e)(2)(C).

100.    Further, Plaintiffs and class members' wage statements did not reflect the correct number of meal and rest break premium wages Plaintiffs and the class were owed, at a correct regular rate of pay.

101.    Additionally, Defendant's listing of "Penalty Pay" on its wage statements per se violates Labor Code section 226. When Defendant did pay Plaintiffs and Class Members with a premium penalty payment, it was only listed on the wage statement as "Penalty Pay," with a lump number of hours of pay listed. Plaintiffs and class members are not able to tell from the wage

statement alone whether they are paid a meal or a rest break premium payment, and how many such payments they received in the pay period, in violation of Labor Code section 226. *See Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93 (2022) (the "additional credited hour of work and the corresponding premium pay owed must be reported on the wage statement. Failure to do so deprives the employee of information needed to evaluate whether the payment is correct, and in so doing results in injury under the terms of the statute [Labor Code 226].")

102.    As a direct and proximate result of Defendant's knowing and intentional failure to provide accurate or complete information on the wage statements furnished to Plaintiffs and other class members as mandated by section 226, Plaintiffs and Class Members suffered injury.

103.    As provided in Labor Code section 226(e), Plaintiffs are entitled to, and therefore seek to recover liquidated damages of fifty ($50.00) dollars for the initial pay period in which the violation occurred, and one hundred ($100.00) dollars for each violation in subsequent pay periods according to proof at the time of trial, for up to four thousand ($4,000.00) for each Plaintiff and each respective member of the Class, plus reasonable attorney's fees and costs pursuant to Labor Code section 226(g).

104.    Labor Code §226.3 provides that any employer who violates §226(a) shall further be subject to a civil penalty of $250 per employee per violation with an initial citation and $1,000 per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in §226(a).  Labor Code §1174.5 provide that any employer who willfully fails to maintain accurate and complete records required by §1174 shall be subject to a civil penalty of $500.

105.    Defendant has committed and continue to commit the acts alleged herein knowingly and willfully.

106.    Such a pattern and practice and uniform administration of corporate policies and practices as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs, and the other members of the Class, in a civil action, for all damages and/or penalties pursuant to Labor Code §§226, 1174.5, including interest thereon, attorneys' fees, and costs of suit under §226.

## **EIGHTH CAUSE OF ACTION**

CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FAILURE TO REIMBURSE INCURRED NECESSARY BUSINESS EXPENSES**
**(Violation of Labor Code § 2802, *et seq.*)**
**(Against all defendants)**

107.    Plaintiffs re–allege and incorporate all preceding paragraphs as if fully set forth herein.

108.    California Labor Code § 2802 provides that an employer must reimburse employees for all necessary expenditures.

109.    At all relevant times during the class period, Plaintiffs and other members of the class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including, but not limited to, safety glasses, boots, aprons and/or other necessary safety equipment.

110.    Defendant has intentionally and willfully failed to fully reimburse Plaintiffs and class members for necessary business-related expenses and costs. Defendant's conduct violates California Labor Code Section 2802.

111.    Plaintiffs and class members are entitled to recover from Defendant their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code section 2802.

**NINTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against all defendants)**

112.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

113.    Defendant is a "person" as that term is defined under Cal. Bus. and Prof. Code §17201.

114.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

115.    During the Class Period, by and through the conduct described in the preceding paragraphs, Defendant has engaged in unfair and unlawful practices by failing to pay all wages due to Plaintiffs and other class members, at the correct rate of pay, failing to provide meal and rest

breaks, failing to provide wage statements that comply with Labor Code section 226, including by failing to distinguish between meal and rest premium payments on wage statements, failing to reimburse necessarily incurred business expenses as mandated by the applicable provisions of the Labor Code specified above, as well as § 204 of the Labor Code, and the applicable Wage Order(s), in violation of California Business and Professions Code § 17200 et seq., and has thereby deprived Plaintiffs and other class members of fundamental rights and privileges.

116.   By and through the unfair and unlawful business practices described in this complaint, Del Monte has obtained valuable property, money, and services from the Plaintiffs and the other class members and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

117.   All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of California Business and Professions Code § 17200 et seq.

118.   Plaintiffs and other class members are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Del Monte has acquired, or of which Plaintiffs and other class members have been deprived, by means of the above described unfair and unlawful business practices.

119.   Plaintiffs and other class members are further entitled to, and do, seek a declaration that Defendant's above-described business practices are unfair and unlawful and that an injunctive relief should be issued requiring Defendant to adhere its business practices and policies to California law, and restraining Del Monte from engaging in any of the above described unfair and unlawful business practices in the future.

120.   Plaintiffs have standing to assert this claim because they have suffered and/or will suffer an injury in fact and has lost and/or will lose money as a result of Defendant's conduct, in that they are not paid for all hours worked, not provided with meal and rest breaks, not provided with compliant and accurate wage statements, among other of Defendant's violations as specified in

the preceding paragraphs of this Complaint.

121.   Business and Professions Code Section 17203 states, in part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

122.   Pursuant to this Section 17203, Plaintiffs seek a public injunction prohibiting Defendants from continuing to violate California Labor Code and applicable Wage Orders as specified herein. Specifically, Plaintiffs seek a public injunction pursuant to Business and Professions Code Section 17203 enjoining future violations in Defendant's form of wage statement, which fails to distinguish between meal and rest break premium payments in violation of California Labor Code section 226.

123.   Plaintiffs and other class members have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Del Monte.  As a result of the unfair and unlawful business practices described above, Plaintiffs and other class members have suffered and will continue to suffer irreparable harm unless Del Monte is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, Del Monte should be required to disgorge the unpaid moneys to Plaintiffs and the other class members.

124.   Plaintiffs have assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of himself and other similarly situated members of the general public who are employed by Defendants. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest, and an award of injunctive relief would confer a significant benefit on the public. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs request that the court award them reasonable attorneys' fees and costs incurred by them in this action.

# TENTH CAUSE OF ACTION
### Violation of Private Attorney General Act (PAGA) Claim
### (Cal. Lab. Code §§2698 and 2699, *et. seq.*)

125.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

126.    Labor Code §§ 2698 and 2699 (The California Private Attorney General Act of 2004, or "PAGA"), expressly establish that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by The Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

127.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees has discretion to assess a civil penalty, a fact-finder in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

128.    Plaintiff Stewart is an "aggrieved employee" as defined by Labor Code § 2699, because she is an employee of Defendant, and one or more of the Labor Code violations was committed against him.

129.    Plaintiff asserts all of his claims in this Complaint against Defendant on behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, in his capacity as "private attorney general", and seek all statutory penalties available under the Labor Code.

130.    By reason of the above and pursuant to Labor Code § 2699, Plaintiff Stewart on behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, are entitled to payment of a penalty of $100 per pay period for each employee for the initial violation, and $200 per pay period for each employee for each subsequent violation, plus interest.

131.    In addition, Plaintiff Stewart, on behalf of himself, and all other members of the

Class and/or behalf of all aggrieved employees, as well as the general public, seek and are entitled to have 75% of all recovered penalties and interest allocated to the LWDA and 25% to the Plaintiffs Class. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees, expenses and costs pursuant to Labor Code § 2699, and any other applicable statutes.

132.    Plaintiff complied with the notice requirements of Labor Code § 2699.3(a)(1) prior to commencing this action. A copy of the letter submitted to the California LWDA on June 22, 2022, via online filing, and copied to Defendants Agent for Service of Process in California on the same date, via certified mail, in accordance with section 2699.3(a)(1), is attached hereto, as **Exhibit A**, and by reference incorporated herein.

133.    As of today's date, the LWDA has not responded to Plaintiff's notice.

134.    Plaintiff and the Plaintiffs Class are also entitled to reasonable attorneys' fees and costs, pursuant to California Labor Code § 2699(g)(1).

## PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as to the appropriate causes of action as follows:

A.  An order that this action may proceed and be maintained as a class action;

B.  An order appointing Plaintiffs as representatives for the Class and Subclasses;

C.  An order appointing Plaintiffs' counsel as counsel for the Class and Subclasses;

D.  For all straight-time wages owed to Plaintiffs and each Class Member for all hours worked;

E.  For all overtime wages owed to Plaintiffs and each Class member for all hours worked;

F.  For all double time wages owed to Plaintiffs and each Class member for all hours worked;

G.  For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

H.  For one hour of wages due to Plaintiffs and each class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

CLASS AND REPRESENTATIVE ACTION COMPLAINT

I. For one hour of wages due to Plaintiffs and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

J. For one hour of wages due to Plaintiffs and each Class member for each work period of more than ten (10) hours when they did not receive an uninterrupted thirty (30) minute meal period;

K. For reimbursement of incurred necessary business expenses under Labor Code § 2802;

L. For actual damages or statutory penalties under Labor Code § 226(e);

M. For liquidated damages pursuant to Labor Code § 1194.1;

N. For restitutionary disgorgement pursuant to the UCL;

O. For a public injunction pursuant to Business and Professions Code Section 17203 enjoining future violations in Defendant's form of wage statement, which fails to distinguish between meal and rest break premium payments in violation of California Labor Code section 226;

P. Prejudgment and post-judgment interest at the maximum legal rate;

Q. Reasonable attorney's fees;

R. General, special and consequential damages, to the extent allowed by law;

S. Costs of suit;

T. For attorneys' fees pursuant to Code of Civil Procedure §1021.5;

U. For penalties for each violation of the Private Attorneys General Act ("PAGA"); and

//

//

V. Such other equitable relief as the Court may deem just and proper.

DATED: August 29, 2022                    **THE MARKHAM LAW FIRM**

David R. Markham
Maggie Realin

-57-

Lisa Brevard
*Attorneys for Plaintiffs and all others*
*similarly situated*

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and the Class members on all claims so triable.

DATED: August 29, 2022                    **THE MARKHAM LAW FIRM**

_____
David R. Markham
Maggie Realin
Lisa Brevard
*Attorneys for Plaintiffs and all others*
*similarly situated*

CLASS AND REPRESENTATIVE ACTION COMPLAINT